IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT GEORGE PARKS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-677 |
| | : | |
| DONNA ZICKEFOOSE, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

## ORDER

April 15, 2014

## Background

Vincent George Parks, an inmate presently confined at the Allenwood

United States Penitentiary, White Deer, Pennsylvania,  (USP-Allenwood), filed

this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241.  Named as

Respondent is USP-Allenwood Warden Donna Zickefoose.  Accompanying the

Petition is an in forma pauperis application (Doc. 2) which will be granted.

Petitioner does not challenge the legality of his federal criminal conviction

or sentence.  Rather, Parks' habeas corpus petition indicates that he is seeking

relief with respect to a August 20, 2011 institutional misconduct charge and

subsequent disciplinary proceedings wherein Petitioner was charged with

1

introduction of narcotics.  <u>See</u> Doc. 1, Exhibit A, p. 6.

Petitioner states that according to prison officials a woman relative who was visiting him, Mrs. Juanita Parks, "engaged in the alleged actions" which led to the filing the disciplinary charge.[1]  Doc. 1, p. 3.   However,  Parks claims that he has a due process right to examine any videotape evidence used against him.  Petitioner concludes that since he was not permitted to review the videotape of the events underlying his misconduct charge and the presiding Disciplinary Hearing Officer (DHO) relied upon a second hand description of said videotape evidence rather than personally viewing it, he is entitled to "be discharged from the illegal restraint."   <u>Id</u>. at p. 4.[2]

**<u>Discussion</u>**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  <u>See</u>, <u>e.g.</u>, <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, 2007 WL 846559 *2 (M.D. Pa.

---

[1]  A copy of the DHO's written report which is attached to the Petition indicates that Mrs. Parks is Petitioner's sister.  <u>See id</u>. at Exhibit A, p.8.

[2]  Also submitted by  Petitioner is a copy of a DHO report pertaining to a 2005 misconduct charge filed against Parks while he was confined at USP-Lee County.  <u>See id</u>. at pp.  12-14.  The relevance, if any, of this document is unclear.

March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."  Recognizing the observation in

3

Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

As noted above, the allegations set forth in the Petition do not include a challenge to the legality of Parks' present incarceration.  Second, a review of the DHO's Report which accompanies the Petition provides that after being found guilty of the misconduct charge, Inmate Parks was sanctioned to a 45 day term of disciplinary segregation; a 6 month loss of commissary; a 6 month loss of telephone privileges (suspended pending 6 months of clear conduct); an 18 month loss of visitation and contact visits; and a monetary fine.

Parks does not claim that he was sanctioned to a loss of good time credits during the disciplinary proceedings or that the misconduct charge by prison officials otherwise extended the length of his confinement.  Moreover, the DHO's written report specifically notes that no disallowance of good conduct time was imposed because Petitioner was not earning any such credits.  See Doc. 1, Exhibit A, p. 9.  In light of the sanctions imposed, there is no basis for a determination that Petitioner is claiming entitlement to speedier or immediate release from custody.

Thus, based upon Park's present petition and attached exhibits it is apparent

4

that the purported constitutional misconduct did not adversely affect the fact or duration of Hill's incarceration.  See Fiore v. Lindsay, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241);  Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241).  Accordingly, "habeas corpus is not an appropriate or available federal remedy" with respect to said claims.  See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).    An appropriate Order will enter.[3]

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[3]    If  Petitioner can show that he was sanctioned to a loss of good conduct time, or that the period of his incarceration was somehow extended as a result of the misconduct proceedings, he may file a request for reconsideration within fourteen (14) days of the date of this Memorandum.